# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ROLAND EDWIN HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:07-cv-0559-UWC-TMP |
| | ) |
| COLETTA SHEPARD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 16, 2008, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on January 25, 2008. (Doc. 13.)

The magistrate judge determined that the plaintiff's Fourth Amendment claims, which arose in 2000, are barred by Alabama's applicable two year statute of limitations. However, the plaintiff contends that his claims are subject to Ala. Code § 6-2-34 (1975), which provides for a six-year statute of limitations for trespassing. (Doc. 13 at 3.) Additionally, the plaintiff argues in the alternative that his claims are subject to Ala. Code § 6-2-33(3) (1975), which provides for a 10-year statute of limitations for actions against sheriffs, coroners, constables, and other public officers for nonfeasance, misfeasance, or malfeasance in office. (Doc. 13 at 3.)

The United States Supreme Court addressed a similar argument in *Owens v. Okure*, 488 U.S. 235 (1989), and held that the proper statute of limitations for a § 1983 action is the forum state's

general or residual statute of limitations for personal injury actions. The Court stated, "We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury action." *Id.* at 249-50. The residual statute of limitations for personal injury in Alabama is two years. Ala. Code § 6-2-38(1) (1975). Accordingly, the plaintiff's claims against Defendant Shepard, which accrued in 2000, are untimely and due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 31st day of January, 2008.

U.W. Clemon
United States District Judge